IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Michael Friedmann, | CASE NO.: |
| Petitioner/Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| National Association of Attorneys General (NAAG); | [JURY TRIAL DEMANDED] |
| Respondents/Defendants. | |

**Nature of the Action**

1. This is a civil action to enforce public records laws and to remedy the unlawful refusal of the National Association of Attorneys General ("NAAG") to disclose records that Plaintiff Michael Friedmann properly requested on or about March 20, 2025. Plaintiff seeks to vindicate his right to access government records, a right protected by federal and state transparency statutes and by the Florida Constitution. NAAG's failure to respond or produce the requested documents violates these legal obligations and frustrates the strong public policy favoring open government.

2. The requested records involve communications and investigations concerning Plaintiff and "Fallen Hero Bracelets." Plaintiff is the sole owner of Fallen Hero Bracelets, LLC, a charitable organization that became the subject of a multi-state enforcement initiative known as "Operation Donate with Honor" in 2018. Plaintiff believes that NAAG – acting in coordination with state attorneys general and the Federal Trade Commission (FTC) –

- 1 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

possesses documents such as emails, letters, and inter-agency communications referencing Michael Friedmann or Fallen Hero Bracelets, including records of NAAG's involvement in that nationwide campaign. These documents are highly relevant to an ongoing federal case in this District in which Plaintiff is asserting, inter alia, that NAAG and others acted unlawfully in their campaign against him (including claims of defamation, retaliation, and violation of his rights). Plaintiff needs the withheld records to effectively litigate that case, and their continued secrecy is causing irreparable harm to Plaintiff's ability to obtain justice.

3. Plaintiff seeks declaratory and injunctive relief to compel NAAG's compliance with the law. Specifically, Plaintiff requests a declaration that NAAG's failure to timely respond and disclose the records violates applicable public records laws and Plaintiff's rights of access to government information, and an order enjoining NAAG to immediately release all requested, non-exempt records. Plaintiff further seeks an award of attorney's fees and costs pursuant to fee-shifting provisions in freedom-of-information statutes (for example, 5 U.S.C. § 552(a)(4)(E) and Fla. Stat. § 119.12), as NAAG's refusal has forced Plaintiff to resort to this litigation. Plaintiff has exhausted all available administrative remedies, including constructive exhaustion due to NAAG's failure to respond within the time limits set by law.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the First and Fourteenth Amendments to the U.S. Constitution (as enforced via 42 U.S.C. § 1983). The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) to redress the deprivation, under color of state law, of rights secured by the Constitution and federal law. Additionally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's related state-law claims (including claims under Florida's public records statutes and Constitution) because those claims form part of the same case or controversy.

- 2 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

5. Venue is proper in the Middle District of Florida. Plaintiff is a resident of this District, and the records at issue are crucial to a federal case pending in this District involving the Plaintiff. Venue is therefore proper under FOIA's venue provision, 5 U.S.C. § 552(a)(4)(B), which permits FOIA actions to be brought in the district where the requester resides or where the records are situated. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District – specifically, Plaintiff's need for the records and the impact of NAAG's refusal are centered here, in connection with ongoing litigation in this District.

6. This Court has personal jurisdiction over NAAG. Defendant NAAG regularly conducts activities in coordination with the Attorneys General of all states, including Florida, and it has purposefully availed itself of the laws and forums of Florida by engaging with Florida state officials and matters affecting Florida residents. NAAG's unlawful withholding of records is directed at a Florida resident (Plaintiff) and is impeding a court proceeding in Florida, such that NAAG should reasonably anticipate being haled into court in Florida to answer for its obligations. Moreover, to the extent NAAG is acting on behalf of or in concert with Florida state officials in maintaining the requested records, it is subject to Florida's public records laws and to the jurisdiction of this Court for enforcement of those laws.

**Parties**

7. Plaintiff Michael Friedmann is a natural person and the sole proprietor of Fallen Hero Bracelets, LLC, a charitable organization he founded. At all relevant times, Plaintiff has been actively engaged in matters of public concern relating to charitable fundraising for veterans and fallen service members. Plaintiff is currently a party in a federal lawsuit in the Middle District of Florida concerning the conduct of the FTC and NAAG during "Operation Donate with Honor," which targeted Plaintiff's organization. Plaintiff brings this action to obtain critical information wrongfully withheld by NAAG, which Plaintiff requires to prosecute and/or defend his rights in the ongoing litigation.

8. Defendant National Association of Attorneys General (NAAG) is a nonprofit 501(c)(3) organization incorporated in the District of Columbia and headquartered at 1850 M Street NW, 12th Floor, Washington, DC 20036. NAAG describes itself as *"the nonpartisan national forum for America's state and territory attorneys general,"* providing "collaboration, insight, and expertise to empower and champion America's attorneys general". NAAG's membership is composed of the Attorneys General of the 50 states, the District of Columbia, and U.S. territories, and NAAG serves as a vehicle through which these public officials coordinate on investigations, enforcement actions, and policy initiatives that span multiple jurisdictions. At all times relevant, NAAG was acting as an agent for or in concert with state Attorneys General – including Florida's Attorney General – in activities related to Plaintiff and Fallen Hero Bracelets, such as Operation Donate with Honor. As such, NAAG is subject to public records laws to the same extent as any entity acting on behalf of state officials in conducting the public's business. NAAG is sued in its capacity as a legal entity responsible for responding to public records requests and for maintaining the records at issue.

## Factual Allegations

9. On or about March 20, 2025, Plaintiff submitted a lawful public records request to NAAG seeking documentation of any and all communications or records involving Plaintiff or "Fallen Hero Bracelets." Plaintiff's request specifically encompassed, inter alia: (a) any documents referencing Michael Friedmann or Fallen Hero Bracelets; (b) any communications (including emails, letters, or memoranda) between NAAG and any state Attorney General's office or any federal agency (such as the FTC) relating to Plaintiff or Fallen Hero Bracelets; and (c) any records of investigations, meetings, or coordination efforts in which Plaintiff or his organization were discussed or targeted (for example, records pertaining to Operation Donate with Honor). The request was made in writing and delivered to NAAG's records or legal department, and it cited the applicable freedom-of-information laws by which the information should be made available. Plaintiff's request to NAAG was contemporaneous with a similar FOIA request he submitted to the FTC on the same date, as he sought records from both the federal and state actors involved in the multi-jurisdictional campaign concerning his activities.

- 4 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

10. Plaintiff's public records request was proper in form and invoked clearly established rights of access. The request reasonably described the documents sought and was submitted to the appropriate record custodian. At the time of the request, Plaintiff reminded NAAG (and the FTC) of their legal duties under freedom of information laws, noting the "strong presumption in favor of disclosure" under FOIA and analogous state transparency laws. Plaintiff also emphasized that the requested records were urgently needed due to ongoing litigation involving NAAG and the FTC, and that any unwarranted delay or obstruction would violate the core purpose of open-records laws – to ensure government accountability and transparency. In sum, Plaintiff placed NAAG on clear notice that it was obligated to search for and release the described records promptly, absent any valid exemption.

11. NAAG failed to provide any timely response to Plaintiff's request. Under FOIA, a government agency is required to determine whether to comply with a request within 20 business days (absent unusual circumstances) and to communicate its determination to the requester within that timeframe. Similar prompt response requirements apply under state public records laws (Florida's law, for example, mandates that agencies respond to requests in good faith and promptly provide access to public records, with only narrow exceptions). NAAG, however, did not respond within 20 business days – or at all. As of the date of this Complaint, more than eight months have passed since the March 20, 2025 request, and NAAG has neither produced any documents nor given any determination or justification for withholding. NAAG's complete silence and inaction on the request constitutes a constructive denial of access.

12. Plaintiff has exhausted all applicable administrative remedies. Because NAAG failed to respond within the statutory time limits, Plaintiff's request is deemed constructively exhausted, entitling him to immediately seek judicial relief. FOIA expressly provides that if an agency fails to comply with the 20-day response deadline, the requester "shall be deemed to have exhausted his administrative remedies". Likewise, Florida's public records law does not require any administrative appeal; a requester may proceed to court if an agency refuses to provide records upon request. Plaintiff attempted in good faith to

obtain the records without litigation, but NAAG's non-response left him with no further avenue short of court action. Any further delay would be futile. All conditions precedent to this lawsuit have therefore been satisfied or waived.

13. NAAG has unlawfully withheld public records to which Plaintiff has a clear right of access. The records Plaintiff seeks are "public records" by definition: they consist of documents "made or received in connection with the official business of" public officers or agencies. Communications about Plaintiff and Fallen Hero Bracelets, generated during a multi-state enforcement effort, plainly relate to the conduct of the public's business – namely, a charitable fraud investigation undertaken by state Attorneys General in collaboration with NAAG and the FTC. Florida's Constitution and Public Records Act guarantee every person the right to inspect or copy such records unless specifically exempted. NAAG itself acknowledges on its website that "public record disclosure laws grant the public the right to inspect almost any government record related to the conduct of the public's business". By acting as the coordinating entity for the attorneys general, NAAG was effectively "acting on behalf of" state officers, and thus its records of that coordinated effort are subject to public disclosure to the same extent as if they were held by the individual state offices. NAAG's refusal to turn over these records thwarts the fundamental policy of openness and accountability that underpins freedom-of-information laws.

14. NAAG has offered no valid justification for withholding the records. In fact, NAAG provided no response whatsoever, failing even to cite any exemption or privilege. Even if NAAG belatedly tries to claim an exemption, its blanket refusal is unjustified. The types of documents sought – intergovernmental correspondence and memoranda about a concluded enforcement sweep – do not fall under any categorical exemption that would lawfully permit total non-disclosure. They are not, for example, active criminal investigative files (Operation Donate with Honor took place in 2018 and is long concluded), nor do they appear to implicate any sensitive personal privacy or national security concerns. To the extent any portion of a record might contain exempt information (for instance, internal legal advice or work product of a state Attorney

- 6 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

General's office), NAAG is obligated to redact the exempt portion and release the remainder; NAAG cannot simply withhold everything wholesale. By failing to invoke any specific exemption and by refusing to release any segregable part of the records, NAAG has waived any claim to an exemption or, at minimum, has violated the procedural requirements of applicable law.

15. The unlawfully withheld records are of significant public concern and personal importance to Plaintiff. Transparency statutes like FOIA were enacted to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Here, NAAG's refusal to release information about how state and federal officials coordinated a public enforcement campaign goes to the heart of government accountability. The public has an interest in understanding how NAAG and state Attorneys General jointly decide to target certain organizations and individuals, and whether those decisions are made fairly and lawfully. For Plaintiff in particular, these records may provide evidence supporting his claims that NAAG and other officials overstepped legal bounds in the enforcement action against him, or they may contain exculpatory or contextual information regarding the allegations against Fallen Hero Bracelets. By keeping these communications secret, NAAG is impairing Plaintiff's ability to vindicate his rights in court and is undermining the truth-finding function of the judicial process. No statute or privilege permits NAAG to shield such relevant governmental records from a litigant who needs them for an active case (indeed, some documents might even be discoverable under the Federal Rules of Civil Procedure, but Plaintiff should not be forced to rely solely on discovery when a straightforward public records request ought to have sufficed).

16. Plaintiff has a clear legal right to the records, and NAAG has a clear legal duty to disclose them. Florida's Constitution, at Article I, Section 24, enshrines the right of access to public records and mandates that this right be broadly construed. Florida's public records statutes likewise declare it the policy of the state that "all state, county, and municipal records are open for personal inspection and copying by any person". While NAAG is a D.C.-based entity, it was functioning as a collaborative arm of the Florida

- 7 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Attorney General (and other state AGs) in matters related to Plaintiff; thus, its records are "public records" of those offices, and NAAG cannot circumvent transparency requirements by holding the documents outside the physical premises of any one Attorney General's office. To hold otherwise would allow state officials to evade their disclosure obligations by funneling work through outside organizations – a result inimical to the purpose of open-government laws. Moreover, to the extent NAAG's role and funding are derived from member state contributions (which are public monies), NAAG's records should be treated as subject to public accountability. In sum, NAAG's refusal to comply violates the letter and spirit of freedom-of-information laws and Plaintiff's constitutional right of access.

17. Plaintiff has suffered and will continue to suffer irreparable harm from NAAG's unlawful withholding of records. Money damages cannot compensate Plaintiff for the loss of opportunity to use these records in his ongoing case or for the impairment of his constitutional right to obtain and disseminate information about government activities. Without court intervention, NAAG will continue to ignore Plaintiff's lawful request, effectively placing itself above the law and depriving Plaintiff (and the public) of information to which they are entitled. In contrast, ordering NAAG to release the documents poses no harm to NAAG beyond the minimal burden of compliance that the law already requires. NAAG had ample opportunity to assert any specific privilege or exemption and to release non-exempt materials voluntarily; it failed to do so. Therefore, injunctive relief is necessary to enforce compliance and prevent further irreparable injury to Plaintiff's rights.

## COUNT I – Declaratory Judgment (Violation of Public Records Laws)

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

19. This Count seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and applicable law, declaring that NAAG's withholding of the requested records is unlawful. An actual, present, and justiciable controversy exists between the parties regarding Plaintiff's right to obtain the records and NAAG's obligations to disclose them.

- 8 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

20. NAAG's failure to respond to or comply with Plaintiff's March 20, 2025 request violates the Freedom of Information Act (5 U.S.C. § 552) to the extent FOIA is applicable to NAAG. FOIA provides that any person has a right to obtain access to federal agency records (with limited exemptions), and it requires a timely determination by the agency. NAAG, though not a federal executive agency, was functioning as an instrumentality of the member Attorneys General in a joint federal-state initiative; NAAG's records in this context should be treated as "agency records" subject to FOIA or at least as records subject to disclosure under FOIA's policy and standards. NAAG has "blown its deadline" for responding, which FOIA treats as a constructive exhaustion of remedies and a presumptive violation of the Act. By neither producing the records nor asserting a valid exemption, NAAG stands in violation of FOIA's transparency mandates.

21. Independently, NAAG's refusal to provide the records violates Florida's Public Records Act (Chapter 119, Fla. Stat.) and Article I, Section 24 of the Florida Constitution. Under Florida law, any document "made or received in connection with the official business of any public body, officer, or employee … or persons acting on their behalf" is a public record open for inspection, unless specifically exempt. NAAG was acting on behalf of Florida's Attorney General (among others) in receiving or generating the requested records, which concern official law-enforcement and regulatory business. NAAG's blanket withholding constitutes an "unlawful refusal to permit a public record to be inspected or copied", as described in Fla. Stat. § 119.12(1)(a). NAAG's actions (or inaction) therefore breach Florida's statutory and constitutional provisions guaranteeing government transparency.

22. NAAG's conduct also violates Plaintiff's rights under the U.S. Constitution. The First Amendment, as applied to the states via the Fourteenth Amendment, protects the right to receive information and ideas on matters of public importance. By arbitrarily withholding government records, NAAG (acting in concert with state officials) has infringed Plaintiff's First Amendment right to access information needed to engage in informed public discourse and to petition the government for redress of grievances. Additionally,

- 9 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NAAG's failure to follow the law in handling Plaintiff's records request, while working jointly with state actors, constitutes state action that deprives Plaintiff of liberty and property interests (his statutory right to public records) without due process of law, in violation of the Fourteenth Amendment. While the primary relief sought is under statutory law, this Complaint alternatively pleads that NAAG's actions under color of state authority abridge Plaintiff's constitutional rights, giving rise to a cause of action under 42 U.S.C. § 1983.

23. Accordingly, Plaintiff is entitled to a declaratory judgment that NAAG's refusal to respond and disclose the requested records is unlawful. Such a declaration will resolve the existing controversy by affirming Plaintiff's rights and NAAG's duties, and will make clear that NAAG must comply with the law. Declaratory relief is further necessary because NAAG's position (an outright refusal) indicates that, absent a court declaration of illegality, NAAG will continue to ignore its obligations. Plaintiff therefore requests that the Court declare that:

a. NAAG violated FOIA and/or applicable public records laws by failing to timely respond to Plaintiff's request and by withholding the requested records without justification;

b. Plaintiff's administrative remedies are deemed exhausted due to NAAG's non-response, and Plaintiff has a clear right to immediate judicial enforcement of his public records request;

c. NAAG's ongoing refusal to disclose the records is in breach of Florida law and Plaintiff's constitutional right of access, as no valid exemption excuses the withholding; and

d. Plaintiff is entitled to receive forthwith all requested records, subject only to any narrowly tailored exemptions that the Court may find applicable after in camera review (if any).

## COUNT II – Injunctive Relief (Compel Disclosure of Public Records)

24. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

25. This Count seeks injunctive relief ordering NAAG to comply with its legal obligations by releasing the records responsive to Plaintiff's request. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court has authority to "enjoin [the] agency from withholding agency records and to order the production of any agency records improperly withheld." Likewise, under Fla. Stat. § 119.11, the Court is empowered to issue an injunction for the immediate production of public records if an agency is found to have unlawfully refused access.

26. Plaintiff satisfies the requirements for injunctive relief. As alleged above, Plaintiff has a clear legal right to the requested information, and NAAG has a definite legal duty to disclose it. Plaintiff has no adequate remedy at law other than this action; NAAG's failure to comply cannot be remedied by money damages, and only an injunction will afford Plaintiff the relief he needs – i.e., the documents themselves, produced in time to be used meaningfully in his ongoing case. Plaintiff is suffering irreparable harm each day the records are withheld, and such harm will continue absent injunctive relief. By contrast, NAAG will not be harmed by an order requiring it to do no more than what the law already compels: make public records available. The public interest strongly favors granting injunctive relief, as it aligns with the policy of government transparency and the public's right to know how its officials conduct public business.

27. Specifically, Plaintiff seeks a mandatory injunction requiring NAAG to:

a. Immediately conduct a thorough search of all NAAG files, communications systems, email accounts, and archives likely to contain records responsive to Plaintiff's March 20, 2025 request, including but not limited to any communications involving NAAG staff or member Attorneys General that reference Michael Friedmann or Fallen Hero Bracelets.

b. Produce to Plaintiff, by a date certain, all non-exempt records identified by such search. Production should include copies of all documents, emails, letters, meeting minutes,

reports, or other materials falling within the request's scope. If NAAG contends any portion of a record is exempt from disclosure, NAAG must produce the record with only the exempt portions redacted, and must provide Plaintiff and the Court with a log or index identifying the specific legal basis for each redaction (commonly known as a Vaughn index in FOIA practice).

c.  Refrain from continuing to withhold any responsive records. The injunction should prohibit NAAG, its officers, employees, and agents from withholding or destroying any records responsive to Plaintiff's request and should affirmatively command them to release such records. In effect, NAAG should be permanently enjoined from violating public records laws with respect to Plaintiff's March 20, 2025 request and any future, similar requests by Plaintiff.

28. Plaintiff also requests that the Court retain jurisdiction to monitor compliance with its injunctive order. Given NAAG's failure to even respond to the request, a court-supervised deadline and oversight are warranted to ensure that NAAG conducts the mandated search and production in good faith and without further delay. Plaintiff stands ready to confer with NAAG and the Court on an appropriate timetable, but respectfully urges that time is of the essence due to the relevance of these records to ongoing proceedings.

29. Absent an injunction, NAAG will likely continue to flout its obligations, leaving Plaintiff with no access to the records and no remedy. NAAG's past and continuing conduct demonstrates a deliberate disregard for transparency laws. The Court's intervention is thus not only appropriate but necessary to enforce the rule of law.

## Relief Requested

WHEREFORE, Plaintiff Michael Friedmann respectfully requests that the Court enter judgment in his favor and grant the following relief:

A.  **Declaratory Relief:** A declaration that NAAG's failure to respond to Plaintiff's public records request and its continued withholding of the requested documents

- 12 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

are unlawful and violate FOIA, Florida's public records law, and Plaintiff's rights under the state and federal Constitutions, as detailed in Count I above.

**B. Injunctive Relief:** A permanent injunction compelling NAAG, within a time frame deemed reasonable by the Court, to search for and produce all records responsive to Plaintiff's March 20, 2025 request, as described in Count II. The injunction should require prompt, rolling production if appropriate, and should enjoin NAAG from withholding any responsive records except to the limited extent the Court finds a specific exemption clearly applies.

**C. Attorney's Fees and Costs:** An award of Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to any and all applicable fee-shifting provisions, including 5 U.S.C. § 552(a)(4)(E) (FOIA's fee provision) and Fla. Stat. § 119.12 (Florida's public records enforcement fee provision). NAAG's unlawful refusal necessitated this lawsuit, and Plaintiff has substantially prevailed or will prevail in this action, entitling him to recover the costs of enforcement.

**D. Further Relief:** Such other and further relief as the Court deems just and proper, including but not limited to any necessary in camera review of documents for which NAAG claims an exemption, and any appropriate sanctions or penalties should the Court find that NAAG acted arbitrarily, unreasonably, or in bad faith in violating Plaintiff's rights of access.

Respectfully submitted this 2nd day of December, 2025.

_____

Michael Friedmann
*Pro Se*

- 13 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF