# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL FRIEDMANN,**

**Plaintiff,**

**v.**                                      Case No.:  **6:25-cv-2343-CEM-NWH**

**NATIONAL ASSOCIATION OF**
**ATTORNEYS GENERAL,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court on *pro se* Plaintiff Michael Friedmann's Motion to Proceed *in Forma Pauperis* (Doc. 2, the "Motion"). For the reasons set forth below, the undersigned respectfully recommends that the Court deny the Motion and dismiss Plaintiff's Complaint (Doc. 1) without prejudice.

## BACKGROUND

In this action, Plaintiff sues Defendant National Association of Attorneys General ("Defendant" or "NAAG") "to enforce public records laws and to remedy [Defendant's] unlawful refusal" to disclose records that Plaintiff "properly requested on or about March 20, 2025." (Doc. 1, ¶ 1). Plaintiff alleges that he "seeks to vindicate his right to access government records, a right protected by federal and state transparency statutes and by the Florida Constitution." (*Id.*).

Plaintiff further states that he "is the sole owner of Fallen Hero Bracelets, LLC, a charitable organization that became the subject of a multi-state enforcement initiative known as 'Operation Donate with Honor' in 2018." (*Id.*, ¶ 2). Regarding NAAG, Plaintiff explains:

> Defendant . . . is a nonprofit 501(c)(3) organization incorporated in the District of Columbia[.] . . . NAAG describes itself as "*the nonpartisan national forum for Americas state and territory attorneys general,*" providing "collaboration, insight, and expertise to empower and champion America's attorneys general." NAAG's membership is composed of the Attorneys General of the 50 states, the District of Columbia, and U.S. territories, and NAAG serves as a vehicle through which these public officials coordinate on investigations, enforcement actions, and policy initiatives that span multiple jurisdictions. At all times relevant, NAAG was acting as an agent for or in concert with state Attorneys General - including Florida's Attorney General - in activities related to Plaintiff and Fallen Hero Bracelets, such as Operation Donate with Honor. As such, NAAG is subject to public records laws to the same extent as any entity acting on behalf of state officials in conducting the public's business. NAAG is sued in its capacity as a legal entity responsible for responding to public records requests and for maintaining the records at issue.

(*Id.*, ¶ 8).

Plaintiff includes two counts in his Complaint: Count I for "Declaratory Judgment (Violation of Public Records Laws)" and Count II for "Injunctive Relief (Compel Disclosure of Public Records)." (*Id.*, ¶¶ 18-29). Plaintiff appears to plead these counts pursuant to "the Freedom of Information Act ('FOIA'), 5 U.S.C. § 552[;] the First and Fourteenth Amendments to the U.S. Constitution (as enforced via 42 U.S.C. § 1983)"[;] Florida's Public Records Act, Fla. Stat. § 119; and the Florida Constitution. (*See id.*, ¶¶ 4, 20-22).

2

## LEGAL STANDARD

A plaintiff may proceed *in forma pauperis* if the plaintiff declares in an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See id.* at 327. If a more carefully drafted complaint might state a claim, a *pro se* plaintiff should be given at least one chance to amend the complaint before the Court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). Although district courts apply a "less stringent standard" to pleadings submitted by *pro se* plaintiffs, they must still comply with the procedural rules and allege the essential elements of their claims for relief. *See Tannenbaum v. United*

3

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## DISCUSSION

On review of Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2), it seems likely that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1). Regardless of whether Plaintiff qualifies financially, however, the undersigned concludes that his Complaint is due to be dismissed pursuant to § 1915(e)(2) based on the deficiencies identified below.

First, Plaintiff's Complaint is an impermissible shotgun pleading. Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). To state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant. *Id.* (citing *Twombly*, 550 U.S. at 556).

"A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10[.]" *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). Stated another way, a shotgun pleading fails "to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which

4

each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

"Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citation, alteration, and internal quotation marks omitted). Consequently, they are "altogether unacceptable." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (collecting cases).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The second most common type is a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Amended Complaint is a shotgun pleading in the first and third respects. As an initial matter, it contains two counts, with the second count adopting all of the

allegations in the first count. (*See* Doc. 1, ¶¶ 18, 24). More importantly though, Plaintiff fails to include each claim for relief in a separate count. (*See id.*, ¶¶ 18-29). Instead, he improperly lumps together multiple claims—brought pursuant to FOIA, the First and Fourteenth Amendments to the U.S. Constitution, Florida's Public Records Act (Fla. Stat. § 119), and the Florida Constitution—into two "counts."

If Plaintiff files an amended complaint, he should include each statutory or constitutional claim in its own count. The undersigned advises Plaintiff that any amended complaint should also contain: (1) numbered paragraphs, with every paragraph limited as far as practicable to a single set of circumstances; (2) separate counts for each legal claim, which identify the elements of the claim and against whom relief is being sought; and (3) factual allegations that relate to a specifically identified cause of action and the elements thereof. *See* Fed. R. Civ. P. 8, 10.  Failure to timely file an amended complaint or to comply with these instructions may result in the dismissal of this action.

However, to the extent Plaintiff intends to replead a FOIA claim against NAAG, he cannot do so.  As the Eleventh Circuit has explained:

> Apart from exemptions not relevant here, FOIA requires federal agencies to make their records available to the public upon request. *See generally* 5 U.S.C. § 552; *see also Sikes v. U.S. Dep't of Navy*, 896 F.3d 1227, 1233 (11th Cir. 2018). FOIA defines an "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). This includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1). Congress, however, is specifically excluded. *Id.* § 551(1)(A).

*Statton v. Fla. Fed. Jud. Nominating Comm.*, 959 F.3d 1061, 1063 (11th Cir. 2020). Simply put, NAAG is not a federal agency—nor does it appear that a federal agency exercises supervision over NAAG or that it otherwise "exists in the Executive Branch." *See id.* Consequently, the undersigned finds that Plaintiff may not replead a FOIA claim in this action.

Last, it is worth noting that *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. Before filing an amended complaint, Plaintiff should consider the resources available to *pro se* litigants.

Specifically, the Middle District of Florida has published a Guide for Proceeding Without a Lawyer, and the Orlando Chapter of the Federal Bar Association operates a Legal Information Program. Through that program, *pro se* litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual and in-person appointments are available every Tuesday from 11:00 a.m. to 12:30 p.m. To request an appointment, pro se litigants may visit https://outlook.office365.com/owa/calendar/Federal LegalInformationClinicPublicRegistration@clsmf.org/bookings/. For assistance making an appointment, call the Clerk's Office at (407) 835-4200 or visit the Clerk's

Office check-in window.[1] A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.[2]

**RECOMMENDATION**

In short, the undersigned concludes that Plaintiff's Complaint (Doc. 1) is due to be dismissed without prejudice as an impermissible shotgun pleading and that Plaintiff may not replead a FOIA claim against NAAG because the non-profit organization has no ties to a federal agency or the Executive Branch.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1. **DENY without prejudice** Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2);

2. **DISMISS** the Complaint (Doc. 1) **WITHOUT PREJUDICE**;

3. **PERMIT** Plaintiff to file an amended complaint, within a timeframe established by the Court, along with a renewed motion to proceed *in forma pauperis* (provided he has a good faith basis to do so); and

---

[1] The Clerk's Office is located on the First Floor of the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801.

[2] The Local Rules and Guide for Proceeding Without a Lawyer are also available on the Court's website.

4. **ADVISE** Plaintiff that failing to timely file an amended complaint by the established date or to comply with the Court's instructions could result in the closure of this case without further notice.

### <u>NOTICE TO PARTIES</u>

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 15, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

9